IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20–cv–02992–PAB-KMT

JUDICIAL WATCH, INC.,
ELIZABETH MILLER,
LORRI HOVEY, and
MARK SUTFIN,

    Plaintiffs,

v.

JENA GRISWOLD, Colorado Secretary of State, in her official capacities, and
STATE OF COLORADO,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

Before the court is a "Motion to Intervene as Defendants," filed by Nonparties Voto Latino and Vote.org [collectively, "the Movants"]. (["Motion"], Doc. No. 17.) Plaintiffs have responded in opposition to the Motion, and the Movants have replied.[1] (["Response"], Doc. No. 36; ["Reply"], Doc. No. 39.)

### STATEMENT OF THE CASE

On October 5, 2020, Plaintiffs Judicial Watch, Inc., Elizabeth Miller, Lorri Hovey, and Mark Sutfin [collectively, "Plaintiffs"] commenced this lawsuit, asserting violations of Section 8

---

[1] The Movants advise that Defendants "have represented that they do not oppose" the requested relief. (Mot. 3.)

of the National Voter Registration Act of 1993 ["NVRA"], 52 U.S.C. § 20507, by the State of Colorado and the Colorado Secretary of State, Jena Griswold [collectively, "Defendants"].  (Doc. No. 1.)  In their Complaint, Plaintiffs allege that Defendants have not complied with the NVRA's voter list maintenance obligations.  (*Id.* at 1, 11-14.)  Plaintiffs contend, specifically, that Defendants have failed to take reasonable efforts to remove ineligible voters—such as those individuals who have died or moved to other jurisdictions—from Colorado's voter registration rolls.  (*Id.*)  As relief, Plaintiffs request that Defendants be ordered "to develop and implement a general program that makes a reasonable effort to remove the registrations of ineligible registrants from the voter rolls in Colorado."  (*Id.* at 14-15.)

On November 17, 2020, the Movants—Voto Latino and Vote.org—filed the present Motion, asking to intervene in this lawsuit as defendants, either as a matter of right, under Federal Rule of Civil Procedure 24(a)(2), or permissively, under Federal Rules of Civil Procedure 24(b). (Mot. 7, 13.)  In seeking such relief, Voto Latino describes itself as "a 501(c)(4) grassroots non-profit organization focused on educating and empowering a new generation of Latinx voters," by among other things, assisting those individuals "with registering to vote."  (*Id.* at 4.)  Vote.org likewise identifies itself to be "the largest 501(c)(3) nonprofit, nonpartisan voting registration and get-out-the-vote (GOTV) technology platform in America," which "helps individuals across the country, including in Colorado, register to vote," and which "works extensively to support low-propensity voters, which may include racial and ethnic minorities and younger voters who historically have low voter turn-out rates."  (*Id.* at 6.)  Voto Latino and Vote.org each state that they have "a direct interest in ensuring that the[] voters [they have registered] remain on Colorado's voting rolls and are not removed by overly aggressive

voter purges." (*Id.*)  The Movants characterize this lawsuit as one in which Plaintiffs seek "to improperly impose their preferences for how [Colorado] conducts list maintenance of its voter registration rolls." (*Id.* at 1.)  They caution, though without evidentiary support, that if Plaintiffs ultimately prevail, "it will almost certainly result in the improper removal of *eligible*, *lawful* voters from Colorado's voter rolls—including, in particular, young and Latinx voters, who are among [the Movants'] core constituencies." (*Id.*) (emphasis in original.)  Voto Latino and Vote.org argue that any such outcome "directly conflicts with [both] organizations' missions and would undermine the work they have done to help people across the country and in Colorado register to vote." (*Id.* at 2.)  The Movants argue that they are entitled to intervene in this case, because they have "collectively helped millions of American citizens register to vote, particularly people of color and young people who are among the groups most likely to be casualties of voter purges like the one that Judicial Watch seeks to force Colorado to undertake, and they have an interest in making sure that those efforts are not undermined by guarding against the improper removal of qualified voters from the voter registration list through excessive purge efforts." (*Id.* at 2-3.)  In addition, the Movants insist that their intervention is required here, so as "to safeguard the[ir] substantial and distinct legal interests," which they contend "will otherwise be inadequately represented in this litigation." (*Id.*)

## LEGAL STANDARDS

### I. Intervention as of Right

Federal Rule of Civil Procedure 24(a)(2), governing intervention as a matter of right, provides that, upon timely motion, the court must allow any party to intervene who: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated

3

that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The requirements for intervention as of right are: "(1) the application is timely; (2) the applicants claim an interest relating to the property or transaction which is the subject of the action; (3) the applicants' interest may as a practical matter be impaired or impeded; and (4) the applicants' interest is not adequately represented by existing parties." *W. Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (quoting *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir. 2009)) (alterations omitted). The Tenth Circuit "has historically taken a liberal approach to intervention and thus favors the granting of motions to intervene." *Kane Cnty., Utah v. United States*, 928 F.3d 877, 890 (10th Cir. 2019) (quoting *Zinke*, 877 F.3d at 1164). To that end, "[t]he factors of Rule 24(a)(2) are intended to 'capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation,' and '[t]hose factors are not rigid, technical requirements." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (citation omitted). In addition, "the requirements for intervention may be relaxed in cases raising significant public interests." *Id.* (citation omitted). "The central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention." *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019) (citation omitted).

## II. *Permissive Intervention*

Federal Rule of Civil Procedure 24(b)(1)(B), which governs permissive intervention, states that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.

4

24(b)(1)(B). "The grant of permissive intervention lies within the discretion of the district court." *Kane Cnty.*, 597 F.3d at 1135 (citing *City of Stilwell v. Ozarks Rural Elec. Coop*, 79 F.3d 1038, 1043 (10th Cir. 1996)). In exercising that discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The court may also consider such factors as "whether the would-be intervenor's input adds value to the existing litigation;" "whether the petitioner's interests are adequately represented by the existing parties;" and "the availability of an adequate remedy in another action." *Lower Ark. Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 691 (D. Colo. 2008) (citation omitted).

## ANALYSIS

### I. Whether Movants are Entitled to Intervene as a Matter of Right

Here, the Movants argue that they "have a right to intervene in this action," pursuant to Rule 24(a)(2), because "[t]heir motion to intervene is timely, they have a direct interest in this case that will be impaired by [Plaintiffs'] expected outcome, and their interest is not adequately represented." (Mot. 7.) Plaintiffs, in their Response, concede that the Movant's request to intervene is timely. (Resp. 3 n.1.) However, Plaintiffs contend that the Movants have failed to establish the remaining three elements required for intervention under Rule 24(a)(2). (*Id.* at 3.) The court, therefore, addresses the remaining elements below.

In order to intervene as a matter of right, the Movants must first show that they have "an interest relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2). "Whether applicants have an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, and the interest test is primarily a practical guide to

disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* (quoting *Kane Cnty.*, 928 F.3d at 889). "A protectable interest is one that would be impeded by the disposition of the action."[2] *Zinke*, 877 F.3d at 1165 (internal question marks and citation omitted); *see Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth*, 100 F.3d 837, 839-43 (10th Cir. 1996) (holding that a commercial wildlife photographer who had "photographed and studied the [Mexican Spotted] Owl in the wild," and had been instrumental in the decision to list the owl under the Endangered Species Act, possessed a protected interest in defending against a lawsuit to rescind that protection).

Section 8 of the NVRA provides, in pertinent part, as follows:

In the administration of voter registration for elections for Federal office, each State shall . . .

(3) provide that the name of a registrant may not be removed from the official list of eligible voters except --

    (A) at the request of the registrant;

    (B) as provided by State law, by reason of criminal conviction or mental incapacity; or

    (C) as provided under paragraph (4);

(4) conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of --

    (A) the death of the registrant; or

    (B) a change of the address of the registrant, in accordance with subsections (b), (c), and (d)[.]

---

[2] The Tenth Circuit has, at times, held that such an interest must be "direct, substantial, and legally protectable." *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001). However, it is unclear whether that standard still applies. *See Kane Cnty.*, 928 F.3d at 891 n.20 (stating that the Tenth Circuit has "abandoned that test"); *but see Barnes*, 945 F.3d at 1121 ("We 'require that the interest in the proceedings be direct, substantial, and legally protectable.'").

52 U.S.C. § 20507(a).  Subsections (b), (c), and (d) contain provisions for "confirmation of voter registration," "voter removal programs," and "removal of names from voting rolls," respectively. *Id.* at § 20507(b)-(d).  Plaintiffs, here, do not seek to alter or amend these provisions of law; rather, Plaintiffs seek a declaration that Defendants' current practices violate subsection (a)(4), thus requiring Defendants to "develop and implement a general program that makes a reasonable effort to remove the registrations of ineligible registrants from the voter rolls in Colorado," as instructed by federal law.  (Doc. No. 1 at 14-15.)

The Movants argue that, "[a]s organizations dedicated to registering Colorado voters, and particularly Colorado's young and Latinx voters," they have "a direct interest in ensuring that these voters remain on Colorado's voting rolls and are not removed by overly aggressive voter purges."  (Mot. 5-6, 8.)  The Movants stress that "registering eligible voters and ensuring that they are able to freely cast their ballots *by remaining registered to vote* directly forwards [both organizations'] core missions."  (*Id.* at 9) (emphasis in original.)  They contend that they "have a strong interest in helping to ensure that any changes to Colorado's voter list maintenance do not sweep too broadly."  (*Id.*)  However, the court notes that this particular interest—to ensure that eligible persons are registered and allowed to vote as set forth in the NVRA—is not inherently unique to the Movants.  Indeed, that interest appears to be shared with Plaintiffs, who are likewise urging compliance with the NVRA.

The Movants appear to be concerned that any efforts made to force Colorado officials to comply with Section 8(a)(4) of the NVRA—if, in fact, Colorado is found to be non-compliant—"will result in eligible voters being removed from the voter rolls, which would impair [the Movants'] missions by making it more difficult for registered voters to maintain their registration

7

and participate in the democratic process." (Mot. 10.) But the Movants do not offer factual support for how the removal of eligible registrants would occur.

Plaintiffs, in response, contend that they are only seeking "the removal of *ineligible* registrants" from the Colorado voter rolls. (Resp. 4) (emphasis in original.) According to Plaintiffs, "[r]emoving registrants who are dead or are now living in other jurisdictions simply does not affect the interests of *eligible* registrants." (*Id.*) (emphasis in original.) Plaintiffs contend that the Movants' protectable interests in this case "relate [only] to their efforts to *register* voters," and Plaintiffs insist that "[n]othing about this litigation will impair [the] Movants' current or future efforts . . . to register voters in Colorado." (*Id.*) (emphasis in original.) They argue that the Movants' professed concern of an "aggressive voter purge" amounts to "baseless conjecture." (*Id.* at 5.)

The court does not question that the Movants have an interest in ensuring that eligible Colorado voters, some of whom the Movants have helped register to vote, do, in fact, remain registered to vote in Colorado. Indeed, the NVRA, by its terms, seeks to "ensure that any eligible applicant is registered to vote in an election." 52 U.S.C. § 20507(a)(1). But there is simply no relationship between the Movants' professed interest and the claims at issue in this case, which concern removing ineligible voters from voter calls.

The Tenth Circuit has explicitly held that "[t]he interest of the intervenor is not measured by the particular issue before the court," but rather, by whether the interest is "related" to the property or transaction that is the subject of the action. *Utah Ass'n of Cntys.*, 255 F.3d at 1252 (holding that environmental organizations, who sought to preserve undeveloped landscapes, had the requisite interest to intervene in counties' action to invalidate a presidential proclamation

8

establishing a national monument, and explicitly rejecting the counties' assertion that the case "was about the legality of the president's action in creating the monument," as opposed to "the environment"); *see also Kane Cnty.*, 928 F.3d at 892 (observing that Rule 24(a)(2) "requires only that the applicant for intervention 'claim an interest *relating to* the property or transaction which is the subject of the action'") (emphasis in original).

In this lawsuit, Plaintiffs challenge the adequacy of the measures taken by Defendants to comply with their obligations under the NVRA with respect to ineligible voters. That Defendants are subject to, and responsible for, the enforcement of the NVRA in Colorado is not contested. *See* 52 U.S.C. § 20502(4) ("[T]he term 'State' means a State of the United States and the District of Columbia."). It is, likewise, undisputed that the Movants, themselves, are *not* subject to the NVRA. Plaintiffs seek a declaration that Defendants are not complying with their responsibilities under the law to make a "reasonable effort to remove the names of ineligible voters from the official lists of eligible voters," and they ask that Defendants be forced to do so in the future. Plaintiffs do not seek to impose any particular methodology on Defendants concerning enforcement of the NVRA.

The court finds that the Movants' interest in ensuring that certain groups of eligible Colorado voters remain eligible to vote is not sufficiently related to the subject of this lawsuit so as to implicate Rule 24(a)(2). Further, the Movants' interest in ensuring that eligible minority voters are registered to vote is presumptively adequately represented by the existing parties, both sides of which acknowledge Colorado's obligations under the NVRA, which includes Section 8(a)(1).

On this record, then, the court finds that the Movants have failed to satisfy the requirements for intervention under Rule 24(a)(2). It is, therefore, recommended that the Movants' request to intervene as a matter of right be denied.

## II. *Whether the Movants are Entitled to Intervene Permissively*

The Movants also seek permissive intervention under Rule 24(b). (Mot. 13-15.) As previously stated, Rule 24(b)(1)(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, the Movants do not raise sufficiently common issues of law and fact with this lawsuit so as to support permissive intervention. While the Movants stress that they "seek to ensure that the goals of the NVRA are met and that no *eligible* voters are improperly removed from Colorado's voter calls," that is not the subject matter of the case. (Mot. 14) (emphasis added.) Rather, this lawsuit is aimed at enforcing the NVRA so as to remove certain *ineligible* voters from the voter rolls. Notably, the Movants do not seek a finding that the NVRA is in error, or that its provisions are subject to challenge. *See Voting for Am., Inc. v. Steen*, 732 F.3d 382, 399 (5th Cir. 2013) (holding that the NVRA's requirements do not apply to private registration volunteers). Presumably then, the Movants simply side with Defendants, in that they contend that Colorado state officials are fully enforcing, and complying with, the NVRA as written.

This court finds that the addition of intervening parties here "would only clutter the action unnecessarily," without adding any corresponding benefit to the litigation. *Arney v. Finney*, 967 F.2d 418, 421-22 (10th Cir. 1992). And, as already noted, the Movants are adequately represented, given that they share the same ultimate interests and objectives as the

10

current parties.[3]  *See Tri-State Generation & Transmission Ass'n, Inc. v. N.M. Pub. Regul. Comm'n*, 787 F.3d 1068, 1075 (10th Cir. 2015) (affirming the denial of permissive intervention, where the proposed intervenor was adequately represented by the existing parties).

Accordingly, the court finds that the Movants have not met the requirements for permissive intervention under Rule 24(b).  As such, the present Motion should be denied as to permissive intervention, as well.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the "Motion to Intervene as Defendants" (Doc. No. 17) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

---

[3] Neither the current parties, nor the Movants, argue that ineligible voters should be included in Colorado's voter rolls.

11

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of April, 2021.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge