IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02992-PAB-~~KMT~~ *KLM*

JUDICIAL WATCH, INC., et al.,

    Plaintiffs,

v.

JENA GRISWOLD,

    Defendant.

*[handwritten: See Pre-Scheduling Conf. Order at #93]*

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Parties met and conferred under Rule 26(f) on October 11, 2022. Present for Plaintiffs Judicial Watch, Inc., Elizabeth Miller, Lorri Hovey, Mark Sutfin, the American Constitution Party of Colorado, and the Libertarian Party of Colorado ("Plaintiffs"):

| | |
|---|---|
| T. Russell Nobile<br>JUDICIAL WATCH, INC.<br>Post Office Box 6592<br>Gulfport, Mississippi 39506<br>Phone: (202) 527-9866<br>rnobile@judicialwatch.org | Robert D. Popper<br>Eric W. Lee<br>JUDICIAL WATCH, INC.<br>425 Third Street SW<br>Suite 800<br>Washington, DC 20024<br>Phone: (202) 646-5172<br>rpopper@judicialwatch.org<br>elee@judicialwatch.org |
| John Zakhem<br>JACKSON KELLY PLLC<br>1099 18th Street, Suite 2150<br>Denver, Colorado 80202<br>Phone: (303) 390-0351<br>jszakhem@jacksonkelly.com | |

Present for Defendant Secretary of State Jena Griswold:

| | |
|---|---|
| Grant T. Sullivan<br>Assistant Solicitor General<br>COLORADO OFFICE OF THE<br>ATTORNEY GENERAL<br>1300 Broadway<br>Denver, Colorado 80203<br>Phone: (720) 508-6349<br>grant.sullivan@coag.gov | Peter G. Baumann<br>Assistant Attorney General<br>COLORADO OFFICE OF THE<br>ATTORNEY GENERAL<br>1300 Broadway<br>Denver, Colorado 80203<br>Phone: (720) 508-6152<br>peter.baumann@coag.gov |

## 2. STATEMENT OF JURISDICTION

Plaintiffs submit the Court has federal question subject matter jurisdiction in this matter under 28 U.S.C. § 1331, as the claims arise under the laws of the United States, and in particular 52 U.S.C. §§ 20507 and 20510(b).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

Congress enacted the National Voter Registration Act ("NVRA") for the stated purposes of increasing the eligible citizens who register to vote and ensuring that accurate and current voter registration rolls are maintained. 52 U.S.C. § 20501(b). In their complaint, Plaintiffs allege that Defendant has failed to comply with the NVRA's second purpose, violating Section 8 of the NVRA, 52 U.S.C. § 20507.

In Plaintiffs' sole count, Plaintiffs allege that Defendant Griswold, as chief state election official, has failed in her NVRA statutory duties to ensure a general program that makes a reasonable effort to remove ineligible registrants due to their death or change of residence. In particular, Defendant Griswold and several counties in Colorado have failed at one of their core responsibilities under Section 8(d), namely, removing "inactive" voters who have shown no

voting-related activity for two general federal elections. Plaintiffs request an order from this Court mandating compliance with the NVRA, and attorneys' fees.

b.  Defendant:

The NVRA requires states to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters" from voter rolls. 52 U.S.C. § 20507(a)(4). The NVRA does not specify or define what constitutes a "reasonable effort" but rather affords the states substantial leeway in crafting their programs. Colorado adheres to a general program that satisfies the NVRA's deferential standard, including but not limited to Colorado's process for conducting a search of the National Change of Address database for voters on Colorado's registration rolls. § 1-2-302.5(1), C.R.S.; 8 CCR 1505-1, Rule 2.13.

In addition to satisfying the NVRA, Plaintiffs lack standing to bring their challenge. No Plaintiff has suffered a cognizable injury that generates Article III standing.

c.  Other Parties: None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

At this early stage in discovery, the Parties at this time cannot make a good-faith attempt to determine which facts are undisputed without formal discovery. The Parties do anticipate stipulating to some facts alleged in the complaint.

## 5. COMPUTATION OF DAMAGES

Plaintiffs do not seek monetary damages. Plaintiffs seek an order from the Court enjoining

Defendant from violating the NVRA, mandating future compliance, including limited reporting requirements, and attorneys' fees.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.     Date of Rule 26(f) meeting.

October 11, 2022.

b.     Names of each participant and party he/she represented.

For Plaintiffs: Robert D. Popper, John Zakhem, T. Russell Nobile, and Eric Lee.

For Defendant: Grant T. Sullivan and Peter Baumann.

c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made.

In accordance with Rule 26, disclosures were exchanged within 14 days after the first scheduling conference on October 25, 2022.

d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e.     Statement concerning any agreements to conduct informal discovery.

During preliminary settlement negotiations, Parties conducted limited informal discovery in January 2021 while Defendant's motion to dismiss was pending before the Court. There were no other agreements to conduct informal discovery.

f.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Parties agree to comply with the unified exhibit numbering system outlined in Chief Judge Brimmer's standing order for civil cases.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Parties anticipate that a substantial amount of discovery will involve records maintained in electronic form. Parties agree to preserve all electronically stored information that is relevant to any parties' claims or defenses and to limit any costs or disputes regarding such information by providing password-protected email links or downloadable hard-drives mailed to counsel for responsive electronic records.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Parties held a mediation before the Honorable Cheryl L. Post on April 14, 2021, and were unable to reach an agreement resolving Plaintiffs' claims in this matter. At this time, there are no other plans for settlement or resolving the case.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modification which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. *10 depos per side / 25 rogs per side*

**Plaintiffs' Proposal**: No limit on the presumptive number of depositions (10) and interrogatories (25).

Due to the complex factual nature of NVRA list maintenance cases, Plaintiffs at this stage cannot agree to limit the number of depositions and interrogatories below the presumptive amount allowed by the Federal Rules of Civil Procedure and the Local Rules. Plaintiffs need discovery related to both the "general program" and "reasonable effort(s)" requirements. 52 U.S.C. § 20507(a)(4). The Plaintiffs have already proposed a reasonable compromise which limited the allotted presumptive discovery to "per side" rather than "per party." Among other errors, Defendants' proposal that this case "includes a single count under the NVRA" belies the complexity of litigation under the NVRA. The applicability of discovery presumptions under Federal Rules of Civil Procedure is not limited to cases involving multiple claims.

At this time, Plaintiffs do not intend to notice the Secretary of State unless there is information that would indicate she has personal knowledge about this lawsuit and that information cannot be obtained by other less intrusive means. Plaintiffs agree that such a deposition may be foreclosed pursuant to the Apex Doctrine.

**Defendant's Proposal**:

*Depositions*: One of each party (which shall be a Rule 30(b)(6) deposition for Defendant and any non-natural person party), each expert, plus one additional. No deposition of the Secretary of State shall be allowed absent Defendant's consent. *See EchoStar Satellite, LLC v. Splash Media Partners, L.P.*, No. 07-cv-02611-PAB-BNB, 2009 WL 1328226, at *2 (D. Colo. May 11, 2009) ("The apex doctrine recognizes that high ranking and important executives can be easily subjected to unwarranted harassment and abuse and have a right to be protected, and the

courts have a duty to recognize [their] vulnerability." (quotations omitted)).

~~*Interrogatories*: 15 per side, which may be directed at all parties.~~

~~This case includes a single count under the NVRA, and informal discovery has already occurred between the parties while Defendant's motion to dismiss was pending. The reasonableness of Colorado's list maintenance program is likely to be the topic of extensive expert discovery, but relatively few factual disputes. These slight deviations from the presumptive limits are reasonable based on proportionality principles encouraged by the Federal Rules, the needs of the case, and the desire to keep litigation costs low.~~

b.  Limitations which any party proposes on the length of depositions.

Parties agree to conduct depositions within the time set forth in the Federal Rules of Civil Procedure.

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission. *[handwritten: 25 RFAs per side; 25 RFPs per side]*

**Plaintiffs' Proposal**: For many of the same reasons listed in response to Section 8(a), Plaintiffs recommend ~~no~~ limitations on the presumptive number of requests for production (25) and request for admissions (25).

**Defendants' Proposal**: 15 RFPs and ~~15~~ RFAs per side, directed at all parties.

This case includes a single count under the NVRA, and informal discovery has already occurred between the parties while Defendant's motion to dismiss was pending. The reasonableness of Colorado's list maintenance program is likely to be the topic of extensive expert discovery, but relatively few factual disputes. These slight deviations from the

presumptive limits are reasonable based on proportionality principles encouraged by the Federal Rules, the needs of the case, and the desire to keep litigation costs low.

   d.   Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: *45 days before the discovery deadline.* ~~Thirty (30) days from service of discovery request.~~

   e.   Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

   a.   Deadline for Joinder of Parties and Amendment of Pleadings:

November 30, 2022.

   b.   Discovery Cut-off:

July 1, 2023.

   c.   Dispositive Motion Deadline:

September 1, 2023.

   d.   Expert Witness Disclosure

      1.   The parties shall identify anticipated fields of expert testimony, if any.

Plaintiffs: Anticipated fields of expert testimony include (1) reasonable voter list maintenance practices and procedures, and (2) statistical analyses of relevant data concerning list maintenance, which data is obtained from publicly available state and federal sources, the U.S. Election Assistance Commission, the U.S. Census Bureau, and discovery in this case.

Defendant: Anticipated fields of expert testimony include (1) statistical analyses of

relevant data concerning voter list maintenance, including comparative analyses; and (2) voter list maintenance practices and procedures.

   2. Limitations which the parties propose on the use or number of expert witnesses.

The parties agree to two experts per side plus one rebuttal expert witness per side.

   3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 1, 2023.

   4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 15, 2023.

   d. Identification of Persons to Be Deposed:

At this early stage in discovery, the Parties are still determining which persons will be deposed. The Parties agree all depositions will be completed before the discovery cut-off and that they will comply with the notice and scheduling requirements set forth in D.C.COLO.LCivR 30.1.

## 10. DATES FOR FURTHER CONFERENCES

   a. Status conferences will be held in this case at the following dates and times:

*As needed.*

b.     A final pretrial conference will be held in this case on ~~Jan. 5, 2023~~ Jan. 5, 2024 at 1:30 pm at o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None at this time.

b.     Anticipated length of trial and whether trial is to the court or jury.

Parties anticipate a five (5) day bench trial.

c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

So ordered.
Nov. 1, 2022

November 1, 2022

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

T. Russell Nobile
Judicial Watch, Inc.
Post Office Box 6592
Gulfport, Mississippi 39506
(202) 527-9866
Rnobile@judicialwatch.org
*Attorney for Plaintiffs*

/s Grant T. Sullivan

Grant T. Sullivan
Assistant Solicitor General
Peter G. Baumann
Assistant Attorney General
1300 Broadway, 6th Fl.
Denver, CO 80220
(720) 508-6349 / 6152
Grant.Sullivan@coag.gov
Peter.Baumann@coag.gov
Attorney for Defendant