IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02992-PAB-KLM

JUDICIAL WATCH, INC.,
ELIZABETH MILLER,
LORRI HOVEY,
MARK SUTFIN,
AMERICAN CONSTITUTION PARTY OF COLORADO, and
LIBERTARIAN PARTY OF COLORADO,

      Plaintiffs,

v.

JENA GRISWOLD, Colorado Secretary of State, in her official capacities,

      Defendant.

---

## ORDER

---

    This matter comes before the Court on plaintiffs' Motion to Alter or Amend the Judgment in Light of Newly Discovered Evidence [Docket No. 108] pursuant to Federal Rule of Civil Procedure 59(e).

## I. BACKGROUND

    Plaintiffs initiated this action against the State of Colorado[1] and Jena Griswold, the Colorado Secretary of State ("the Secretary"), on October 5, 2020, alleging that defendants failed to fulfill their obligations under the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(b).  Docket No. 1 at 14-15, ¶¶ 70-76.  During discovery, plaintiffs' first set of interrogatories asked the Secretary to disclose the number of voter

---

[1] On August 16, 2021, the Court dismissed the State of Colorado from the case. Docket No. 57 at 27.

registrations that were removed in each Colorado county pursuant to 52 U.S.C.

§ 20507(d)(1)(B)[2] ("Section 8(d)(1)(B) Removals") between November 2020 and

November 2022.  Docket No. 108 at 2-3; Docket No. 109 at 2; Docket No. 108-2 at 3.

The Secretary responded to the interrogatories on November 3, 2022.  Docket No. 108

at 3; Docket No. 109 at 2.

On March 30, 2023, plaintiffs filed a notice of dismissal which stated that the

parties had approved and signed a settlement agreement.  Docket No. 105.  Plaintiffs

attached a copy of the settlement agreement to the notice of dismissal.  Docket No.

105-1.  Under the settlement agreement, plaintiffs agreed to dismiss the case without

prejudice and the Secretary agreed to provide Judicial Watch certain voter registration

data each April from 2023 to 2028.  *Id.* at 1-2, ¶¶ 6-7.  The notice of dismissal stipulated

that the action should be dismissed pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(ii).  Docket No. 105 at 1.  In addition, the parties asked the Court to retain

jurisdiction "to enforce the terms of the settlement agreement if enforcement should

become necessary."  *Id.*

On May 8, 2023, the Court entered an order dismissing the case pursuant to

Rule 41(a)(2) and declining to retain jurisdiction to enforce the settlement agreement

because the parties failed to identify any extraordinary circumstance requiring the Court

to retain jurisdiction.  Docket No. 107; *see* Practice Standards (Civil Cases), Judge

Philip A. Brimmer § I.H.5. ("Except in extraordinary circumstances, the Court will not

retain jurisdiction . . . over cases that have been settled. . . .  Any motion or stipulation

_____

[2] This section permits election officials to remove the registration of a voter who
has changed residence, failed to respond to an address confirmation notice, and failed
to vote in two consecutive federal general elections.  52 U.S.C. § 20507(d)(1)(B)(i).

for dismissal requesting that the Court retain jurisdiction after dismissal shall explain in detail the extraordinary circumstances necessitating such an approach.").

When the Secretary provided plaintiffs the first set of data required by the settlement agreement in April 2023, plaintiffs noticed that the actual number of Section 8(d)(1)(B) Removals between November 2020 and November 2022 was significantly lower than the number of Section 8(d)(1)(B) Removals that the Secretary had reported for that time period during discovery.  Docket No. 108 at 4; Docket No. 109 at 3; Docket No. 108-1 at 45, ¶ 14.  Judicial Watch asked the Secretary about the discrepancy; the Secretary stated that the data provided during discovery was erroneous because it included the total number of voters removed from Colorado voting rolls, not just the Section 8(d)(1)(B) Removals.  Docket No. 109 at 3; Docket No. 108-1 at 5, ¶ 17.  The Secretary also informed Judicial Watch that the data provided pursuant to the settlement agreement's terms were correct.  Docket No. 108 at 4; Docket No. 108-1 at 5, ¶ 17; Docket No. 109 at 3.

On June 5, 2023, plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 59(e) asking the Court to reconsider its May 8, 2023 order dismissing the case and denying the parties' request to retain jurisdiction over the settlement agreement.  Docket No. 108 at 1.  Plaintiffs argue that relief under Rule 59(e) is warranted because the data that the Secretary provided pursuant to the settlement agreement in April 2023 revealed that the number of Section 8(d)(1)(B) Removals that she reported during discovery was inaccurate.  *Id.* at 1-3.  Rather than there being 306,303 Section 8(d)(1)(B) removals during the relevant period, there were in reality only 101,607 Section 8(d)(1)(B) removals, *id.* at 4-5, which plaintiffs say "helped to

persuade Plaintiffs that Defendant's list maintenance efforts had improved since the filing of the complaint and that settlement was appropriate." *Id.* at 5-6.

## II. LEGAL STANDARD

A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds for reconsideration under Fed. R. Civ. P. 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Brumark Corp. v. Samson Resources Corp*., 57 F.3d 941, 948 (10th Cir. 1995)). "A Rule 59(e) motion is not the proper vehicle 'to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Sgaggio v. Suthers*, 2023 WL 3055572, at *5 (10th Cir. Apr. 24, 2023) (unpublished) (quoting *Servants of Paraclete*, 204 F.3d at 1012).

## III.  ANALYSIS

### A.  Jurisdiction

The Secretary argues that the Court lacks jurisdiction to consider plaintiffs' motion because a stipulation of dismissal filed under Rule 41(a)(1)(A)(ii) strips a court of jurisdiction over the merits of a case. Docket No. 109 at 4-5. Although the parties' notice of dismissal states that the parties agreed to dismiss the case pursuant to Rule 41(a)(1)(A)(ii), Docket No. 105 at 1, the Court's May 8, 2023 order dismissed the case pursuant to Rule 41(a)(2). Docket No. 107 at 2. Unlike a stipulated dismissal pursuant to Rule 41(a)(1), a dismissal by court order pursuant to Rule 41(a)(2) does not automatically strip the court of jurisdiction over further matters and therefore does not

foreclose consideration of a Rule 59(e) motion.  *See Com. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999) (holding that "it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing . . . and the district court lacks jurisdiction to do anything about it," but Rule 59(e) confirms a district court's authority "to reconsider its own order dismissing a case without prejudice under Rule 41(a)(2) and to change it to a dismissal with prejudice") (citations omitted); *Emergency Recovery, Inc. v. Hufnagle*, 77 F.4th 1317, 1325-27 (11th Cir. 2023) (holding that defendants properly challenged a district court's order granting plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) by filing a motion under Rule 59(e)).

Plaintiffs argue that that Court may exercise ancillary jurisdiction to enforce the settlement agreement, pointing out that in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), the Supreme Court "set forth how federal courts can retain jurisdiction over settlement agreements resolving cases before them."  Docket No. 110 at 4.  However, in *Kokkonen*, the Supreme Court held that ancillary jurisdiction over the terms of a settlement agreement exists where "the parties' obligation to comply with the terms of the settlement agreement [has] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."  *Kokkonen*, 511 U.S. at 381.  Where a court dismisses an action pursuant to Rule 41(a)(2) and its order does not make compliance with the terms of the settlement contract a condition of dismissal, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."  *Id.* at 381-82. Here, the Court explicitly declined to retain jurisdiction over the settlement agreement

because the parties did not identify any exceptional reason[3] why the Court should retain jurisdiction over the settlement agreement.  Docket No. 107 at 1.  Therefore, the Court does not have ancillary jurisdiction over the enforcement of the settlement agreement under *Kokkonen*.  *See Kokkonen*, 511 U.S. at 381-82.

### B.  Availability of Rule 59(e) Relief

The Secretary argues that Rule 59(e) does not apply to the Court's May 8, 2023 order because that order "was not a final, appealable order on the merits."  Docket No. 109 at 5.  Rule 59(e) permits a party to file a "motion to alter or amend a judgment."  Fed. R. Civ. P. 59(e).  Rule 54(a) states that "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a).  Under Tenth Circuit precedent, although a defendant may appeal a Rule 41(a)(2) dismissal, "a plaintiff cannot appeal the voluntary dismissal of her action without prejudice, because such appeals raise issues of non-aggrievement and non-finality that generally bar appellate jurisdiction."  *Emmitt v. Dickey*, 188 F. App'x 681, 683 (10th Cir. 2006) (unpublished) (quotation omitted) (citing *Brown v. Baeke*, 413 F.3d 1121, 1123 n.3 (10th Cir. 2005) (exercising jurisdiction over defendant's appeal of the district court's order dismissing his case pursuant to Rule 42(a)(2) in accordance with the "well-established rule that a defendant can appeal if a Rule 41(a)(2) motion for voluntary dismissal is granted, since this is as to the defendant an adverse final judgment") (citation, quotation, and alteration omitted)).

---

[3] Moreover, plaintiffs do not now identify any exceptional reason why the Court should retain jurisdiction over the settlement agreement.

The Tenth Circuit has recognized some exceptions to the general rule. *Bryan v. Office of Pers. Mgmt.*, 165 F.3d 1315, 1321 n.7 (10th Cir. 1999) (citations omitted). A plaintiff may appeal an order granting voluntary dismissal where the dismissal is with prejudice, where the dismissal disposed of fewer than all of the plaintiff's claims, or "where the court imposes terms as a condition of permitting dismissal." *Id*. Here, the dismissal was without prejudice, *see* Fed. R. Civ. P. 41(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."), the dismissal disposed of all of plaintiffs' claims, and the Court did not impose terms as a condition of dismissal. Docket No. 108 at 1-2. Therefore, the Court's May 8, 2023 order was not an "order from which an appeal lies," as to plaintiffs. *See* Fed. R. Civ. P. 54(a). For this reason, plaintiffs may not seek Rule 59(e) relief from that order.

## V. CONCLUSION

Therefore, it is

**ORDERED** that plaintiffs' Motion to Alter or Amend the Judgment in Light of Newly Discovered Evidence [Docket No. 108] is **DENIED**.


DATED February 27, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge